UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASSOCIATION OF CONTRACTING PLUMBERS OF THE CITY OF NEW YORK, INC.; PLUMBING-HEATING COOLING CONTRACTORS–NATIONAL ASSOCIATION; PLUMBERS LOCAL UNION NO. 1, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA; NEW YORK STATE ENERGY COALITION, INC.; THE PLUMBING FOUNDATION CITY OF NEW YORK, INC.; LICENSED PLUMBING ASSOCIATION NEW YORK CITY, INC., d/b/a/ MASTER PLUMBERS COUNCIL OF THE CITY OF NEW YORK; and BUILDING INDUSTRY ASSOCIATION OF NEW YORK CITY, INC., <br><br>                Plaintiffs, <br>v. <br><br>CITY OF NEW YORK, <br><br>                Defendant. | CIVIL ACTION NO. 1:23-cv-11292-RA <br><br>**Memorandum of Law in Support of Motion for Leave to File an Amicus Curiae Brief** |

**INTRODUCTION AND INTEREST OF AMICUS CURIAE**

    The Natural Resources Defense Council (NRDC) respectfully requests the Court's leave to file a brief as amicus curiae in support of the Defendant, the City of New York. NRDC is a non-profit environmental group with a long history of advocating for performance standards under the Energy Policy and Conservation Act (EPCA) that conserve energy and save money for consumers. *See NRDC v. Herrington*, 768 F.2d 1355 (D.C. Cir. 1985) (challenging the Department of Energy's determination that standards were not justified); *id.* at 1368 (noting that NRDC had earlier sued to compel promulgation of appliance efficiency standards in *NRDC v. Edwards*, Civ. No. 81-2546 (D.D.C.)); *NRDC v. Abraham*, 355 F.3d 179 (2d Cir. 2004) (challenging Department of Energy's decision to revoke standards); *NRDC v. Granholm*, No. 20-

1

cv-9127-JMF (S.D.N.Y. 2020) (challenging Department of Energy's failure to abide by statutory deadlines). NRDC also encourages state and local governments to mitigate climate change and improve climate resiliency and supports local efforts like New York City's Local Law 154. *See, e.g.*, Lauren Urbanek, "New Buildings in NY to be Electric, but the Job Is Not Done," https://www.nrdc.org/bio/lauren-urbanek/new-buildings-ny-be-electric-job-not-done (May 22, 2023).

## DISCUSSION

### A. The Court has the discretion to accept the brief of an amicus curiae

The Court has the discretion to accept an amicus curiae brief. *C & A Carbone, Inc. v. Cnty. of Rockland, NY*, No. 08-CV-6459-ER, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014). "A court may grant leave to appear as an amicus if the information offered is timely and useful." *Andersen v. Leavitt*, No. 03-cv-6115-DRH, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (quotation omitted).

### B. NRDC's amicus brief is timely

NRDC's brief is submitted one week after the City of New York's motion to dismiss. *See* Motion to Dismiss, ECF No. 19 (Mar. 1, 2024); *see also* Fed. R. App. P. 29(a)(6) (amicus curiae brief should be filed "no later than 7 days after the principal brief of the party being supported is filed"); *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11-CV-6746-RJH, 2011 WL 5865296, at *1 n.1 (S.D.N.Y. Nov. 22, 2011) ("District courts are not bound by Rule 29, but sometimes look to it for guidance when reviewing a request to file an amicus brief."). NRDC is also submitting its brief prior to Plaintiffs' opposition to the motion to dismiss, which, pursuant to the Court's Order dated January 25, 2024 (ECF No. 18), is due by March 29, 2024.

### C. NRDC's amicus brief may assist in the resolution of this case

NRDC's brief offers useful information about the meaning of key terms in EPCA's preemption provision and discusses the statute's broader regulatory context. In deciding whether an amicus brief is useful, courts have considered whether the amicus "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). A Seventh Circuit judge has explained that courts may benefit from amicus briefs "[e]xplaining the broader regulatory or commercial context in which a question comes to the court," or "[p]roviding practical perspectives on the consequences of potential outcomes." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers). NRDC's brief seeks to explain the regulatory context of EPCA, informed by NRDC's history of advocacy under the statute, and to provide a practical perspective on the consequences of Plaintiffs' theory of EPCA preemption on state and local authority. While this perspective overlaps with the City of New York's and movant-Intervenors' perspectives, as both discuss the health and safety benefits of Local Law 154 and argue for a narrower reading of EPCA's preemption provision, NRDC seeks to elaborate on these issues and present a perspective that is additive to that of the existing parties.

NRDC has conferred with the parties. The City of New York consents to the filing of this brief. Plaintiffs consent to the filing of this brief provided that it is filed by March 15, 2024, and that it is no more than 12 pages.

**CONCLUSION**

NRDC thus respectfully requests that the Court grant its motion for leave to file a brief as amicus curiae in support of the City of New York.

Dated: March 8, 2024                             Respectfully submitted,

*/s/ Joseph Vukovich*
Joseph Vukovich (*pro hac vice* forthcoming)
Thomas Zimpleman (*pro hac vice* forthcoming)
Natural Resources Defense Council
1152 15th St. NW, Suite 300
Washington, DC 20005
202-289-6868
jvukovich@nrdc.org
tzimpleman@nrdc.org

*Attorneys for Amicus Curiae*