UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASSOCIATION OF CONTRACTING PLUMBERS OF THE CITY OF NEW YORK, INC., et al.<br><br>        Plaintiffs,<br><br>     v.<br><br>CITY OF NEW YORK,<br><br>        Defendant. | CIVIL ACTION NO. 1:23-cv-11292-RA |

**PROPOSED INTERVENOR-DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO INTERVENE (ECF NO. 23)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................III

I.   PLAINTIFFS' ARGUMENTS MISUNDERSTAND THE STANDARDS FOR
     INTERVENTION. ......................................................................................................1

     A.   Intervention is particularly appropriate in cases, like this one, involving
          facial challenges and seeking injunctive relief. ...........................................1

     B.   Organizations whose members benefit from a law have sufficient interest
          to intervene in its defense. ...........................................................................4

     C.   Plaintiffs have not identified any cognizable prejudice they would suffer
          as a result of intervention. ............................................................................8

II.  WE ACT AND NY-GEO AGREE TO LIMITING THE SCOPE OF
     INTERVENTION. ....................................................................................................10

CONCLUSION.................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

**Page number(s)**

*335-7 LLC v. City of New York,*
No. 20 Civ. 1053, 2020 WL 3100085 (S.D.N.Y. June 11, 2020)............................2, 7, 8, 9

*Allco Fin. Ltd. v. Etsy,*
300 F.R.D. 83 (D. Conn. 2014)......................................................................................8

*Ass'n of Connecticut Lobbyists, LLC v. Garfield,*
241 F.R.D. 100 (D. Conn. 2007).....................................................................................2

*Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. State of New York,*
No. 19-CV-11285, 2020 WL 5658703 (S.D.N.Y. Sept. 23, 2020)........................... *passim*

*Brennan v. N.Y.C. Bd. of Educ.,*
260 F3d 123 (2d Cir. 2001)........................................................................................7, 8

*Entergy Nuclear Vermont Yankee, LLC v. Shumlin,*
733 F.3d 393 (2d Cir. 2013)..........................................................................................3

*Env't Integrity Project v. Wheeler,*
No. 20-CV-1734, 2021 WL 6844257 (D.D.C. Jan. 27, 2021).............................................6

*Floyd v. City of New York,*
770 F.3d 1051 (2d Cir. 2014)........................................................................................5

*Hollingsworth v. Perry,*
570 U.S. 693 (2013)..................................................................................................5, 6

*Hum. Servs. Council of New York v. City of New York,*
No. 21-CV-11149, 2022 WL 4585815 (S.D.N.Y. Sept. 29, 2022).......................2, 8, 9, 10

*Jama v. Immigr. & Customs Enf't,*
543 U.S. 335 (2005)......................................................................................................5

*Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania,*
140 S. Ct. 2367 (2020)..................................................................................................6

*Monsanto Co. v. Geertson Seed Farms,*
561 U.S. 139 (2010)......................................................................................................3

*New York v. Scalia,*
No. 20-CV-1689, 2020 WL 3498755 (S.D.N.Y. June 29, 2020) ........................2, 8, 9, 10

*New York v. U.S. Dep't of Health & Hum. Servs.,*
No. 19-CV-4676, 2019 WL 3531960 (S.D.N.Y. Aug. 2, 2019)...............................2, 9, 10

*N.Y. Pub. Int. Rsch Grp., Inc. v. Regents of Univ. of N.Y.,*
516 F.2d 350 (2d Cir. 1975)..........................................................................................6

*Oneida Indian Nation of Wisconsin v. New York,*
32 F.2d 261 (2d Cir. 1984)............................................................................................3

*Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.,*
310 U.S. 434 (1940)..................................................................................................4, 5

*W. Watersheds Project v. Haaland,*
22 F.4th 828 (9th Cir. 2022) .........................................................................................9

*Winter v. Nat. Res. Def. Council, Inc.,*
555 U.S. 7 (2008).........................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 24(b)(1).................................................................................................4

7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
    (3d ed. 2023) ..................................................................................................4, 10

Proposed Intervenors WE ACT for Environmental Justice ("WE ACT") and New York

Geothermal Energy Organization ("NY-GEO") file this reply brief in support of their motion to

intervene permissively under Rule 24(b). In the opening brief, WE ACT and NY-GEO explained

that they seek the Court's permission to intervene to defend their interests, which Local Law 154

protects. WE ACT was centrally involved in passing Local Law 154 to secure health benefits for

its tenant members, while NY-GEO's members benefit economically from the law and represent

the industry specifically identified in Local Law 154 as key to its implementation.

Plaintiffs' arguments in opposition bear little resemblance to the well-established

standards for permissive intervention. Plaintiffs first contend that intervention is inappropriate in

cases presenting facial challenges to laws, but this is belied by numerous recent decisions in this

District alone. Plaintiffs next confuse permissive intervention under Rule 24(b) with Rule 24(a),

and compound their mistake by further confusing Rule 24(a)'s requirements with the test for

Article III standing. These mistakes lead Plaintiffs to urge the Court to impose an Article III

standing requirement on intervention, but this is a theory the Supreme Court has already rejected.

Finally, Plaintiffs fail to identify any cognizable prejudice they would suffer from WE ACT and

NY-GEO's timely intervention. Proposed Intervenors do not seek discovery or the alteration of

any deadlines, and court after court has rejected the premise that responding to an intervenor's

legal arguments itself constitutes an appreciable burden.

I.   **PLAINTIFFS' ARGUMENTS MISUNDERSTAND THE STANDARDS FOR INTERVENTION.**

A.   **Intervention is particularly appropriate in cases, like this one, involving facial challenges and seeking injunctive relief.**

Plaintiffs claim that intervention is inappropriate to defend against a "facial challenge to a

local regulation that turns on a purely legal question." Pls.' Mem. Law Opp'n Mot. Intervene at

4, ECF No. 38 [hereinafter Opp'n]. But courts in this District regularly permit organizations to

intervene alongside the City to defend against legal challenges to the City's laws based on facial

preemption and constitutional claims. *See, e.g., Hum. Servs. Council of New York v. City of New*

*York*, No. 21-Civ-11149 (PGG), 2022 WL 4585815 (S.D.N.Y. Sept. 29, 2022) (permitting

intervention to defend City law from facial preemption and constitutional challenge); *335-7 LLC*

*v. City of New York*, No. 20-CV-1053 (ER), 2020 WL 3100085, at *3 (S.D.N.Y. June 11, 2020)

(permitting intervention to defend "the constitutionality of the [City's Rent Stabilization Laws]

as amended in 2019"). There is nothing anomalous in permitting organizations to intervene as

defendants in facial challenges to regulations that benefit their members. *See e.g.*, *New York v.*

*Scalia*, No. 20-CV-1689-GHW, 2020 WL 3498755, at *5 (S.D.N.Y. June 29, 2020); *New York v.*

*U.S. Dep't of Health & Hum. Servs.*, No. 19-CV-4676 (PAE), 2019 WL 3531960 (S.D.N.Y.

Aug. 2, 2019) [hereinafter *HHS*]. The question presented here is whether Local Law 154 is a

permissible restriction on emissions, or whether it effectively imposes a local "energy use"

standard and is thus preempted by the Energy Policy and Conservation Act. Plaintiffs do not

explain why this question is less appropriate for intervention than a facial challenge asserting that

"Local Law 87 effectively forces unionization" and "is thus preempted by the [National Labor

Relations Act]." *Hum. Servs. Council*, 2022 WL 4585815, at *2.

If anything, facial challenges are particularly amenable to intervention, because there is a

corresponding reduction in any risk of burdensome discovery. As a court in this Circuit observed

in granting permissive intervention, "[a]dditional discovery is also not likely to become

burdensome or otherwise unduly delay adjudication because this case, at a base level, is a facial

constitutional challenge to a newly-enacted statute." *Ass'n of Connecticut Lobbyists, LLC v.*

*Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007). Plaintiffs' argument is therefore particularly

misplaced: that this case involves a facial challenge weighs *in favor* of intervention, rather than

against it. *Cf. Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. State of New York*, No. 19-CV-11285 (KMK), 2020 WL 5658703 at *7 (S.D.N.Y. Sept. 23, 2020) (permitting intervention but noting the plaintiffs' argument "that additional discovery may be burdensome because along with a facial constitutional challenge, the … Plaintiffs bring as-applied challenges").

Plaintiffs also miss the mark in arguing that any factual record is irrelevant to this lawsuit because their claim for an injunction "does not depend on any consideration of the purported harms." Opp'n at 5. In Plaintiffs' view, the Court must automatically award them a permanent injunction if they prevail on the merits of a facial preemption challenge. But as the Supreme Court has instructed, "the balance of equities and consideration of the public interest … are pertinent in assessing the propriety of any injunctive relief, preliminary or permanent." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24, 32 (2008). Thus, in a case seeking a permanent injunction against a Vermont law found to be facially preempted, the Second Circuit explained that the plaintiff was still required to demonstrate that "a remedy in equity is warranted" and "that the public interest would not be disserved by a permanent injunction," and proceeded to evaluate these factors. *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 733 F.3d 393, 422 (2d Cir. 2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010)). *Id.* WE ACT and NY-GEO are well-placed to address both the merits of this case and any remedies. *See* Mem. Law Supp. Mot. Intervene at 18–19, ECF No. 24. While plaintiffs assert that WE ACT and NY-GEO will ultimately prove unable to overcome Plaintiffs' arguments in favor of an injunction, Opp'n at 5–6, "an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention." *Oneida Indian Nation of Wisconsin v. New York*, 732 F.2d 261, 265 (2d Cir. 1984).

**B.** **Organizations whose members benefit from a law have sufficient interest to intervene in its defense.**

**1.** **Plaintiffs confuse Rule 24(b) with the requirements of Article III.**

Plaintiffs spend pages pressing their theory that permissive intervention requires that intervenors demonstrate a direct stake in the case's outcome sufficient to give rise to Article III standing. Opp'n at 10–13. Plaintiffs make two basic errors: first, Rule 24(b) does not require an intervenor to establish any specific interest in the litigation, much less a direct stake. Second, even where Rule 24(a)'s "interest" requirement applies, the Supreme Court has made clear that a "legally protectable interest" is a distinct inquiry from the requirements of Article III standing. Plaintiffs concede that their theory is at odds with the many "[n]onprecedential district court decisions" cited in support of WE ACT and NY-GEO's motion. Opp'n at 12. More critically, Plaintiffs' theory is also at odds with the decisions of the Supreme Court and the Second Circuit.

The Supreme Court long ago observed that permissive intervention under Rule 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940). Instead, Rule 24(b) requires only a shared "claim or defense" presenting a "common question." Fed. R. Civ. P. 24(b)(1). "It is well-established by district courts in the Second Circuit that the words 'claim or defense' are not read in a technical sense, but only require some interest on the part of the applicant." *Bldg. & Realty Inst.*, 2020 WL 5658703, at *9 (cleaned up) (quoting *United States v. N.Y.C. Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018). "Close scrutiny of the kind of interest the intervenor is thought to have seems especially inappropriate under Rule 24[b] since it makes no mention of interest." 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1911 (3d ed. 2023).

Plaintiffs maintain that these "well-established" interpretations are wrong, and that Rule 24(b)(1)'s "claim or defense" requirement actually requires that Rule 24(b) intervenors satisfy Rule 24(a)'s specific interest requirement. Opp'n at 12. Plaintiffs arrive at this conclusion based on their readings of "Rule 24(b)(1)(B)'s plain text" and "the Second Circuit's binding precedent" in *Floyd v. City of New York*, 770 F.3d 1051, 1060 (2d Cir. 2014). Opp'n at 12. But Rule 24(b)(1)(B)'s text "plainly dispenses with any requirement" of a particular interest, *Sec. & Exch. Comm'n*, 310 U.S. at 459, while Rule 24(a) explicitly includes an "interest" requirement. Plaintiffs' attempt to elide the distinction between these provisions violates basic canons of statutory interpretation: "We do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest." *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 341 (2005). The Plaintiffs' reliance on *Floyd* cannot bridge this statutory gap, because nowhere in *Floyd* did the Second Circuit hold that permissive intervenors must satisfy the Rule 24(a) factors. Had the court done so, Rule 24(b) would cease to serve any independent function. Instead, *Floyd* confirmed the unremarkable proposition that a trial court's broad discretion over permissive intervention includes discretion to deny intervention based on consideration of the Rule 24(a) factors. *See* 770 F.3d at 1062.

But even where Rule 24(a)'s requirement of a specific interest applies, Plaintiffs confuse an "interest" under Rule 24(a) with the requirements of Article III standing. Plaintiffs spend several pages arguing that a "legally protectable interest" means a "'direct stake' in the outcome" such that this lawsuit presents a "prospect of being 'ordered to do or refrain from doing anything.'" Opp'n at 10–11 (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 705–06 (2013)). But the test described in *Hollingsworth*, as the Supreme Court clearly states in the same paragraph

Plaintiffs quote, determines whether a litigant "ha[s] standing" under Article III, not whether a

party possesses a sufficient interest to intervene under Rule 24. 570 U.S. at 705. The Court in

*Hollingsworth* determined "the standing of a private party to defend the constitutionality of a

state statute when state officials have chosen not to," and did not even arguably address the

requirements of intervening *alongside* an existing defendant under Rule 24. *Id.* at 716.

Although Plaintiffs urge this Court to graft the test for Article III standing onto the

intervention inquiry, to do so would violate the Supreme Court's express instructions. The

Supreme Court has explained that a court "err[s] by inquiring into" an intervenor-defendant's

"independent Article III standing" where an intervenor seeks the same relief as an existing

defendant. *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367,

2379 n.6 (2020). Plaintiffs' contention that "[a]t bottom, there is no justiciable controversy

between Plaintiffs and Proposed Intervenors," is therefore simply beside the point. Opp'n at 12.

As then-Judge Ketanji Brown Jackson explained, "because the [proposed intervenors] are

seeking to intervene *as defendants*, and are not invoking the Court's jurisdiction—let alone

seeking 'relief that is broader than or different from the party invoking the Court's

jurisdiction,'—they are not required to demonstrate that they have Article III standing." *Env't*

*Integrity Project v. Wheeler*, No. 20-CV-1734 (KBJ), 2021 WL 6844257, at *2 (D.D.C. Jan. 27,

2021) (cleaned up) (quoting *Little Sisters*, 140 S. Ct. at 2379 n.6).

### 2. Plaintiffs fail to rebut Proposed Intervenors' strong interests in Local Law 154.

The Second Circuit instructed decades ago that "sufficient interest to permit [a party] to

intervene" exists where "the validity of a regulation from which its members benefit is

challenged." *N.Y. Pub. Int. Rsch Grp., Inc. v. Regents of Univ. of N.Y.*, 516 F.2d 350, 352 (2d

Cir. 1975). And the court of appeals has since confirmed that an "economic interest" in the

preservation of a law is sufficient to support intervention, even if that interest "clearly did not constitute a property right." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 130 (2d Cir. 2001). Plaintiffs cannot dispute that NY-GEO's members have an economic interest in Local Law 154, as the law increases demand for the heat pumps that NY-GEO's members design, sell, and install. *See* Nowak Decl. ¶¶ 3, 8, ECF No. 26. Nor do Plaintiffs attempt to refute the evidence that WE ACT was central to the passage of Local Law 154, and that the law protects its tenant members. *See* Mem. Law Supp. Mot. Intervene at 4–7; Jessel Decl. ¶¶ 1, 7–12, ECF No. 25.

Court after court has recognized these interests as sufficient for intervention. *See* Mem. Law Supp. Mot. Intervene at 14–17 (citing cases). While Plaintiffs argue that these decisions should be disregarded as "[n]onprecedential district court decisions," Opp'n at 12, the fact is that courts in this District—unlike Plaintiffs—correctly distinguish between Rule 24 and Article III. *See, e.g.*, *335-7 LLC*, 2020 WL 3100085, at *3 n.10 (confirming that "Proposed Intervenors need not separately demonstrate Article III standing"); *Bldg. & Realty Inst.*, 2020 WL 5658703, at *11 (finding that proposed intervenors had "demonstrated sufficiently direct and substantial interests" where they "played an active role in the formation and passage of the [challenged law]" and "represented that their members ... could be affected by revocation of the [challenged law]").

But even if Rule 24(b) somehow required a "direct stake" in the litigation, NY-GEO's interest in Local Law 154 is as direct as the one Plaintiffs assert in support of their own standing. Plaintiffs' members "sell, install, and service gas combustion plumbing and HVAC equipment" and maintain that they have standing because the requirement of electric appliances will "reduce the need for their services." Compl. ¶¶ 14–15. NY-GEO's members design, sell and install electric heat pumps, and maintain that Local Law 154 increases the need for their services. Nowak Decl. ¶¶ 3, 8. Both sides assert that Local Law 154 affects their economic interests by

simultaneously reducing the market for gas combustion and increasing the market for heat

pumps. Thus, NY-GEO's economic interests in Local Law 154 "are the mirror image of the

claims asserted by the" Plaintiffs, and their "interest in the underlying action . . . is for purposes

of standing identical to that of the [Plaintiffs]." *Brennan*, 260 F.3d at 130–31.[1]

      **C.**      **Plaintiffs have not identified any cognizable prejudice they would suffer as a result of intervention.**

Plaintiffs concede that the intervention motion is timely, Opp'n at 14, yet maintain that

any intervention, no matter how timely, inevitably leads to delay. Opp'n at 13. This argument,

however, "speaks to Plaintiff[s'] preference to avoid intervention in general and does not claim

specifically that the timing of this motion has caused it prejudice." *Allco Fin. Ltd. v. Etsy*, 300

F.R.D. 83, 86–87 (D. Conn. 2014). The prejudice inquiry properly concerns whether intervention

forces the delay of briefing or discovery schedules. Here, where "[t]he instant motion to

intervene was filed promptly, and Proposed Intervenors will be subject to the same briefing

schedule regarding the defendants' pending motions to dismiss," there can be "no harm to the . . .

Plaintiffs' interests if intervention is granted at this early stage in the litigation." *335-7 LLC*,

2020 WL 3100085, at *4; *see also, e.g.*, *Bldg. & Realty Inst.*, 2020 WL 5658703, at *7 (finding

"little to no delay" where "Proposed Intervenors agreed to be subject to the same briefing

schedule as Defendants' Motions To Dismiss and filed their Motions and Replies in line with

this schedule"); *Scalia*, 2020 WL 3498755, at *5 (finding "no palpable harm in permitting"

---

[1] Because Plaintiffs state conclusorily that WE ACT and NY-GEO have only a generalized interest in Local Law 154, they argue that the City's adequate representation should weigh heavily against permissive intervention. Opp. 7–10. But WE ACT's and NY-GEO's members are beneficiaries of Local Law 154, with interests distinct from the general public. Under such circumstances "courts in this District routinely grant permissive intervention despite finding that an existing party adequately represents the proposed intervenor's interest." *Human Servs. Council*, 2022 WL 4585815, at *4 (collecting cases). To the extent that adequate representation weighs against permissive intervention, "it is clearly a minor factor at most." *Id.* (quoting *Allco Fin. Ltd.*, 300 F.R.D. at 88); *see also* Mem. Law. Supp. Mot. Intervene at 19–20.

intervention where "Proposed Intervenors have not asked for an extension of the deadlines for the motion for summary judgment" (quoting *HHS*, 2019 WL 3531960, at \*7)).

Plaintiffs assert that responding to WE ACT and NY-GEO's arguments as intervenors *itself* constitutes prejudice, while "[a]micus participation" would avoid "associated prejudice to Plaintiffs." Opp'n at 6. This argument has been rejected time and again. "Plaintiffs cannot claim an appreciable burden from having to respond to Proposed Intervenors' legal arguments, whose submissions as *amicus curiae* the Court otherwise undoubtedly would have received." *335-7 LLC*, 2020 WL 3100085 at \*4; *see also, e.g.*, *Scalia*, 2020 WL 3498755, at \*5 (same); *HHS*, 2019 WL 3531960, at \*7 (same). "The prospect that a party might have to address briefing from a proposed intervenor 'is a poor reason to deny intervention.' Indeed, the possibility that an intervenor 'might raise new, legitimate arguments is a reason to grant intervention, not deny it.'" *Hum. Servs. Council*, 2022 WL 4585815, at \*5 n.2 (quoting *W. Watersheds Project v. Haaland*, 22 F.4th 828, 839 (9th Cir. 2022)).

Plaintiffs' only remaining argument is speculation about burdensome discovery and motion practice. But Proposed Intervenors will not seek discovery, *see infra*. Moreover, courts do not assign weight to "premature and unfounded" conjecture about discovery burdens because "[i]n the event that their claims do survive the motions to dismiss that concern can be addressed by this Court's authority to supervise discovery." *335-7 LLC*, 2020 WL 3100085, at \*4; *see also Bldg. & Realty Inst.*, 2020 WL 5658703, at \*7–8 (rejecting as "premature" the "Plaintiffs' arguments regarding possible additional discovery and motion practice").[2]

---

[2] Plaintiffs separately speculate that the Court will be flooded with potential intervenors. Opp. 9. But "Plaintiffs' concern that permitting intervention could open the floodgates to potential intervenors with the same claim to intervention is unfounded," as there has been "only one other application" that "only sought amicus curiae status." *335-7 LLC*, 2020 WL 3100085, at \*4 and n.11.

II.     **WE ACT AND NY-GEO AGREE TO LIMITING THE SCOPE OF INTERVENTION.**

WE ACT and NY-GEO have already committed to adhering to the existing briefing schedule. To allay any remaining concerns, Proposed Intervenors commit to not seeking discovery. The Court could impose this as a condition of intervention to further "minimize delay and prejudice to the existing parties." Wright & Miller, *Federal Practice and Procedure* § 1913.

Plaintiffs' proposed limitations on briefing, however, are not reasonable restrictions. WE ACT and NY-GEO should not be required to limit their briefing to "dispositive motions briefing," Opp'n at 15–16, as they have a strong interest in participating in any briefing on injunctive remedies sought by Plaintiffs, *see* Mem. Law Supp. Mot. Intervene at 18. Nor is there any basis for Plaintiffs' extraordinary request that Proposed Intervenors be required to submit joint briefing with the City. A better course would be to follow the practice of courts in this District and modify page restrictions where appropriate. The Court could impose tighter page limits on Proposed Intervenors as necessary, and allow extra pages to Plaintiffs to the extent that they require them. *See, e.g.*, *HHS*, 2019 WL 3531960, at \*7 (noting that the "Court will impose tighter page limits on the Proposed Intervenors' submissions" and "will be receptive to an application for an enlargement of plaintiffs' page limit"); *Scalia*, 2020 WL 3498755, at n.1 (noting that court "would be sympathetic" to enlarging the plaintiffs' page limits on request).

<div align="center">**CONCLUSION**</div>

Because WE ACT and NY-GEO have a strong interest in protecting the benefits Local Law 154 provides to their members, because no party will suffer prejudice from their participation, and because "Rule 24(b)(2) is 'to be liberally construed' in favor of intervention," Proposed Intervenors respectfully request that the Court grant this motion. *Human Servs. Council*, 2022 WL 4585815, at \*3 (cleaned up).

DATED: March 22, 2024

<div style="margin-left: 50%;">

*s/Dror Ladin*
Dror Ladin
Meagan Burton
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
(917) 410-8701
dladin@earthjustice.org
mburton@earthjustice.org

*Attorneys for Proposed Intervenor-Defendants*

</div>

11