UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ASSOCIATION OF CONTRACTING PLUMBERS OF THE CITY OF NEW YORK, INC.; PLUMBING-HEATING-COOLING CONTRACTORS—NATIONAL ASSOCIATION; PLUMBERS LOCAL UNION NO. 1, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA; NEW YORK STATE ENERGY COALITION, INC.; THE PLUMBING FOUNDATION CITY OF NEW YORK, INC.; LICENSED PLUMBING ASSOCIATION OF NEW YORK CITY, INC., d/b/a MASTER PLUMBERS COUNCIL OF THE CITY OF NEW YORK; and BUILDING INDUSTRY ASSOCIATION OF NEW YORK CITY, INC.,

Case No.: 1:23-cv-11292 (RA)

                                            Plaintiffs,

-against-

CITY OF NEW YORK,

                                            Defendant.

------------------------------------------------------------------------x

## REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for Defendant – the City of New York
100 Church Street
New York, NY 10007

Of Counsel:
    Alice R. Baker
    Christian C. Harned

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................................1

**ARGUMENT** .................................................................................................................................1

**POINT I: PLAINTIFFS FAIL TO PRESENT A COHERENT THEORY OF EPCA'S PREEMPTIVE EFFECT** ...............................................................................................................1

    A.    **Plaintiffs' Definition of "Energy Use" Remains Incompatible With EPCA's Text.** .................3

    B.    **The Building Code Exception and Waiver Provisions Do Not Support Preemption.**...............5

        *i.*    *EPCA's Building Code Exception Does Not Support Preemption.* ..............................................6

        *ii.*    *EPCA's Waiver Provisions Do Not Support Preemption.* .............................................................6

**POINT II: LOCAL LAW 154 DOES NOT CONCERN "ENERGY USE"** ......................................8

**CONCLUSION** ....................................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*23-34 94th St. Grocery Corp. v. N.Y.C. Bd. of Health*,
    685 F.3d 174 (2d Cir. 2012) .................................................................................................10

*Am Trucking Ass'ns v. City of Los Angeles*,
    569 U.S. 641 (2013) ...............................................................................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...............................................................................................................3

*Bldg. Indus. Ass'n v. Wash. State Bldg. Code Council*,
    683 F.3d 1144, 1147-48 (9th Cir. 2012) .................................................................................6

*Cal. Div. of Labor Stds. Enforcement v. Dillingham Constr., N.A.*,
    519 U. S. 316 (1997) ..............................................................................................................8

*Cal. Rest. Ass'n v. City of Berkeley*,
    65 F.4th 1045 (9th Cir. 2023) ................................................................................................5

*Cal. Rest. Ass'n v. City of Berkeley*,
    89 F.4th 1094, 1119, 1120 (9th Cir. 2024) ............................................................................5

*Catskill Mts. Chptr. Of Trout Unlimited, Inc. v. United States EPA*,
    846 F.3d 492 (2d Cir. 2017) ...................................................................................................5

*Dan's City Used Cars, Inc. v. Pelkey*,
    569 U.S. 251 (2013) ...............................................................................................................8

*Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*,
    144 S. Ct. 457, 474 (2024) .....................................................................................................4

*Duncan v. Walker*,
    533 U.S. 167 (2001) ...............................................................................................................3

*Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt, Dist.*,
    541 U.S. 246 (2004) .........................................................................................................9, 10

*Gobeille v. Liberty Mut. Ins. Co.*,
    577 U.S. 312 (2016) ...............................................................................................................9

*Metro Taxicab Bd. of Trade v. City of New York*,
    615 F.3d 152, 157 (2d Cir. 2010) ................................................................................10

*Nat'l Meat Ass'n v. Harris*,
    565 U.S. 452 (2012) ........................................................................................................9

*Obduskey v. McCarthy & Holthus LLP*,
    139 S. Ct. 1029 (2019) ....................................................................................................9

*Rowe v. N.H. Motor Transp. Ass'n*,
    552 U.S. 364 (2008) ........................................................................................................5

*Simmons v. Himmelreich*,
    578 U.S. 621 (2016) ........................................................................................................9

**Statutes**

42 U.S.C. § 6291 ..............................................................................................................2, 3, 4, 8

42 U.S.C. § 6293 ..............................................................................................................2, 3, 4, 8

42 U.S.C. § 6294 .......................................................................................................................2, 4

42 U.S.C. § 6295 .......................................................................................................................2, 7

42 U.S.C. § 6296 .......................................................................................................................2, 4

42 U.S.C. § 6297 ................................................................................................................2, 4, 6, 7

**Other Authorities**

S. Rep. No. 100-6 (1987) ..........................................................................................................2, 7

H. Rep. No. 100-11 (1987) ........................................................................................................6-7

Defendant, the City of New York ("City"), submits this reply Memorandum of Law in further support of its Motion to Dismiss the Complaint for failure to state a claim.

## PRELIMINARY STATEMENT

The structure and text of the Energy Policy and Conservation Act ("EPCA") do not support Plaintiffs' claim that EPCA preempts Local Law 154 of 2021 ("Local Law 154"). Plaintiffs' claim turns on whether "energy use" has the meaning Congress gave it or the one Plaintiffs would like. And, as urged by Justice Friedland in the Ninth Circuit, this Court should not adopt Plaintiffs' incomplete definition. In opposition to the City's Motion, Plaintiffs refuse to respond to the City's arguments, instead electing to attack a nonexistent "appliance ban" that they claim is preempted by a regime bearing little resemblance to EPCA. Plaintiffs cannot change EPCA's text or the regulatory regime it creates by truncating definitions and replacing technical meanings Congress crafted with their own. Simply put, Plaintiffs' theory of preemption is incompatible with the statute Congress wrote. EPCA regulates appliance efficiency, and it preempts state or local regulations that do the same. Local Law 154 is unrelated to appliance efficiency and is not preempted by EPCA. The Complaint fails to state a claim and must be dismissed.

## ARGUMENT
### POINT I: <u>PLAINTIFFS FAIL TO PRESENT A COHERENT THEORY OF EPCA'S PREEMPTIVE EFFECT</u>

Plaintiffs' opposition misrepresents the City's position and fails to respond to the City's Motion. As explained in that Motion, EPCA regulates the energy consumption of certain appliances through the establishment of "energy conservation standards"—appliance efficiency standards—which limit the "energy use"[1] of those appliances through performance standards or

---

[1] EPCA also regulates, and preempts state or local regulations of, the "energy efficiency" of covered products; however, as Plaintiffs' claim turns on the meaning of "energy use," this memorandum addresses only that term.

1

design requirements.[2] 42 U.S.C. §§ 6291(4), 6291(6); ECF No. 20 at 8-11. Compliance with these standards necessarily occurs before a covered product reaches the consumer, as it is impossible for a manufacturer to fulfill its substantive obligations under EPCA after an appliance is purchased. *See*, *e.g.*, 42 U.S.C. §§ 6293(c), 6294, 6295, 6296. EPCA also preempts state and local regulations that operate as appliance efficiency regulations, providing that, once a regulated appliance is the subject of a federal standard, "no State regulation concerning the…energy use…of such covered product shall be effective with respect to such covered product." 42 U.S.C. § 6297(c); *see also* S. Rep. No. 100-6, at 2 (1897) ("There are two basic provisions to [EPCA]: The establishment of Federal *standards* and the preemption of State *standards*") (emphasis added); ECF No. 20 at 11-14.

A court considering EPCA's preemption of a state or local regulation must examine whether the regulation "concerns" the "energy use" of a covered product—the "quantity of energy directly consumed by a covered product at point of use, determined in accordance with test procedures under Section 6293."[3] 42 U.S.C. §§ 6297(c), 6291(4). EPCA's text makes clear that "energy use" is not the quantity of energy consumed where an appliance is used by a consumer,[4] as Plaintiffs contend, but rather a quantity of energy representative of the "average use cycle or period of use." *See* 42 U.S.C. §§ 6291(4), 6293(b)(3). As such, a local regulation is preempted when it operates as an appliance efficiency standard—when it requires a covered product to reduce the energy consumed "during a representative average use cycle or period of use." *See* 42 U.S.C. §§ 6291(4), 6291(6), 6293(b)(3); *see also* ECF No. 20 at 12-15. Local Law 154 plainly does not

---

[2] This memorandum addresses preemption only for consumer products, as the parties agree that EPCA's industrial equipment regime functions the same as its consumer product regime. *See* ECF No. 20 at n.4; ECF No. 41 at n.6.
[3] *See Infra* Point II for further discussion related to the application of "concerning" to Local Law 154.
[4] Indeed, 42 U.S.C. § 6297(g) refutes that the statutory measure of "energy use" could be the quantity of energy an appliance consumes once it is used by an end user. 42 U.S.C. § 6297(g).

impose a direct or indirect appliance efficiency standard. It has no impact on the quantity of energy any appliance may consume in a "representative average use cycle or period of use."[5]

Plaintiffs' rewritten definition of "energy use" is incompatible with EPCA's statutory framework. Rather than addressing this, Plaintiffs gesture at EPCA's preemption exception and waivers. But those provisions do not establish that EPCA preempts regulations that do not impose appliance efficiency standards. The Complaint is based on an inaccurate reading of EPCA and it therefore fails to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint must be dismissed.

### A. Plaintiffs' Definition of "Energy Use" Remains Incompatible With EPCA's Text.

The Complaint and opposition rely on a fatally incomplete definition of "energy use." *Compl.* ¶ 62; ECF No. 41 at 6, 13. "Energy use" is not just, as Plaintiffs allege, the "quantity of energy directly consumed by a consumer product at point of use." *Contra* ECF No. 41 at 6. Nor is it "'the quantity of energy directly consumed' by an appliance." *Contra* ECF No. 41 at 13. Inexplicably, Plaintiffs refuse to apply the definition Congress wrote. *See* 42 U.S.C. § 6291(4). Instead, Plaintiffs render a portion of the definition meaningless while also requiring "energy use" take on different meanings across varying provisions of EPCA. *See* ECF No. 20 at 19-22. Plaintiffs rewrite the definition of "energy use" because the definition Congress wrote is incompatible with their preemption claim.

Plaintiffs do not address that their truncated definition of "energy use" impermissibly renders the remainder of the statutory definition—"determined in accordance with test procedures under Section 6293"—meaningless. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) (courts must "give effect, if possible, to every clause and word of a statute."). Nor do

---

[5] And, no matter how many times Plaintiffs say so, Local Law 154 is not an appliance ban. Local Law 154 does not prohibit the purchase or sale of any appliance that is compliant with federal energy conservation standards.

Plaintiffs explain how their truncated definition is compatible with EPCA's labeling and test procedure requirements. *See* 42 U.S.C. §§ 6293(b)(3), 6294; ECF No. 20 at 20-21. If "energy use," as they assert, is the quantity of energy consumed at the place where an appliance is used, then a manufacturer could not possibly label the appliance with its "energy use" before selling it, as EPCA requires, because such measure would be specific to each user. *See* 42 U.S.C. § 6296(a). So to for test procedures. 42 U.S.C. § 6293(b)(3) (test procedures must produce results "which measure…energy use…during a representative average use cycle or period of use."); ECF No. 20 at 21. "Energy use" cannot be both the energy consumed by each covered product at the place where it is used and a "representative" figure. And Plaintiffs say nothing about EPCA's acknowledgment that the statutory measure of "energy use" is different than the quantity of energy consumed "under conditions of actual use." 42 U.S.C. § 6297(g). The definition Congress wrote is compatible with each provision; Plaintiffs' rewritten definition is compatible with none. This Court must apply Congress' definition of "energy use." *See Dep't of Agric. Rural Dev. Rural Hous. Serv. V. Kirtz*, 144 S. Ct. 457, 474 (2024) (courts' "role is to apply the law, not rewrite it").

That "energy use" is a representative measure of energy consumption does not mean that "Congress only cared about regulations on appliances' theoretical energy use (at a lab)[.]" *Contra* ECF No. 41 at 17. By statute, appliances must meet energy conservation standards before they go to market. ECF No. 20 at 9-11; 42 U.S.C. § 6291(6). And though energy conservation standards are based on representative measures of energy consumption, the energy consumption limits they impose apply to the real world use of appliances. *See* 42 U.S.C. § 6291(6) (energy conservation standards prescribe an appliance's "maximum quantity of energy use"). Limitations on the "maximum quantity of energy use" imposed by federal standards are not derived from an appliance's *actual* energy use. There is nothing "theoretical" about the regime

4

Congress created.

Finally, Plaintiffs insist that their claim does not turn on a right to use covered products, ECF No. 41 at 24, but their theory requires a finding that EPCA protects a right to *actually use* covered products. This is the holding of the Ninth Circuit in *Cal. Rest. Ass'n v. City of Berkeley,* the case Plaintiffs ask this Court follow. *See* 65 F.4th 1045, 1050-51 (9th Cir. 2023), *amended and superseded on denial of rehearing en banc* by *Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094, 1101 (9th Cir. 2024) ("[W]e know that EPCA is concerned with the end-user's ability to *use* installed covered products at their intended final destinations…a regulation that prohibits consumers from using appliances necessarily impacts ['energy use']").[6] Simply put, *Cal. Rest. Ass'n* is wrong and should not be followed. *See Cal. Rest. Ass'n*, 89 F.4th at 1119-20 (Friedland, J., dissenting) (advising future courts interpreting the scope of EPCA's preemption against "misinterpret[ing] the statute's key terms to have colloquial meanings instead of the technical meanings required by established canons of statutory interpretation").

B. **The Building Code Exception and Waiver Provisions Do Not Support Preemption.**

Neither EPCA's building code exception nor its waiver provisions support preemption of laws, like Local Law 154, that do not impose appliance efficiency standards. Though Plaintiffs assert that when a preemption provision includes specific exceptions, the exceptions help determine the scope of preemption,[7] ECF No. 41 at 7, "that canon of construction is not applicable where, as here, the issue is…the scope of the general prohibition itself." *Catskill Mts. Chptr. Of Trout Unlimited, Inc. v. U.S. EPA*, 846 F.3d 492, 516 (2d Cir. 2017). These provisions say nothing about whether EPCA preempts Local Law 154.

---

[6] And though Plaintiffs' insist that their definition of "point of use" is immaterial to preemption, ECF No. 41 at 16, that is how they arrive at the incorrection conclusion that EPCA is concerned with the *actual use* of a covered product. *See Cal. Rest. Ass'n*, 65 F.4th at 1051.
[7] Plaintiffs' cite to *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 374 (2008). That case does not examine whether exceptions define the scope of preemption, but instead whether to create an implied exception to preemption.

      *i.*    *EPCA's Building Code Exception Does Not Support Preemption.*

The building code exception says nothing about the preemption of regulations, like Local Law 154, that do not impose appliance efficiency standards. EPCA generally preempts a state or local appliance efficiency standard. 42 U.S.C. § 6297(c). However, EPCA contains an exception to preemption where a building code may impose appliance efficiency standards if it satisfies statutory conditions. *Bldg. Indus. Ass'n v. Wash. State Bldg. Code Council*, 683 F.3d 1144, 1147-48 (9th Cir. 2012); 42 U.S.C. § 6297(f)(3). As Plaintiffs correctly state, a building code cannot comply with the statutory conditions and is preempted if it requires "minimum appliance efficiency greater than federal" energy conservation standards. *Bldg. Indus. Ass'n*, 683 F.3d at 1148; *see also* ECF No. 41 at 18-19. That is why it is an exception—EPCA generally allows *no* state or local appliance efficiency standards for covered products, *except* for building codes; even building codes, however, may not impose appliance efficiency standards greater than federal energy conservation standards. 42 U.S.C. § 6297(c); *Bldg. Indus. Ass'n*, 683 F.3d at 1148. Local Law 154 imposes no appliance efficiency standards. That is why it is not preempted. Finding that EPCA preempts state or local appliance efficiency regulations of covered products does not render the building code exception meaningless. *See Bldg. Indus. Ass'n*, 683 F.3d at 1148; *contra* ECF No. 41 at 7, 18.

      *ii.*    *EPCA's Waiver Provisions Do Not Support Preemption.*

Nor do the waiver provisions support preemption of laws, like Local Law 154, which do not impose appliance efficiency standards. *Contra* ECF No. 41 at 9, 11, 17. The waiver provisions presuppose the existence of an otherwise preempted regulation. *See* 42 U.S.C. § 6297(d)(1)(A) (states may request waiver of "a State regulation which provides for any energy conservation standard or other requirement with respect to energy use."); H. Rep. No. 100-11 at

6

23-24 (1987) (EPCA's preemption provision provides for "the basic concept of preempting State energy efficiency standards and allowing waivers of preemption under certain circumstances."). Local Law 154 does not impose an appliance efficiency standard, and the waiver provisions are therefore inapplicable.

Plaintiffs allege that the waiver provisions establish that Congress did not want to make any covered products unavailable. ECF No. 41 at 17. Not so. EPCA does prevent federal energy conservation standards from being set at a level that is likely to result in the unavailability of regulated appliances in the domestic appliance market. *See* 42 U.S.C. § 6295(o)(4); *See also* S. Rep. 100-6 at 8-9 (EPCA requires the Department of Energy to consider the "economic justification of a proposed standard" and "would forbid a standard for small gas furnaces being set at a level that would increase the price to the point that the product would be noncompetitive[.]"). EPCA applies this same principle to state or local governments seeking waiver of preemption, ensuring that they—like the federal government—cannot impose an appliance efficiency standard that makes covered products uncompetitive in the domestic appliance market. 42 U.S.C. §§ 6297(d)(3)-(4). None of these provisions say anything about laws like Local Law 154, which is not an appliance efficiency regulation and is not an appliance ban. To be clear—any covered product available in the City on December 31, 2023, is still available in the City today.[8]

EPCA preempts regulations "concerning" the "energy use" of covered products. 42 U.S.C. § 6297; ECF No. 20 at 11-15; *Supra* I.A. Local Law 154 is not such a regulation. It imposes no appliance efficiency standard, it is not an appliance ban. Instead, it limits the emissions from the combustion of fuels. It is not preempted by the statute Congress wrote. The Complaint must

---

[8] Local Law 154 could result in the reduced *use* of some covered products in new constructions. However, no provision of EPCA protects the *use* of covered products, and Plaintiffs insist their Complaint does not require a finding that EPCA protects the *use* of covered products. ECF No. 41 at 24.

7

be dismissed.

## POINT II: <u>LOCAL LAW 154 DOES NOT CONCERN "ENERGY USE"</u>

Plaintiffs seek to extend the meaning of "concerning" to the furthest stretches of its indeterminacy to achieve a result that "no sensible person could have intended." *Cal. Div. of Labor Stds. Enforcement v. Dillingham Constr., N.A.*, 519 U.S. 316, 336 (1997); *see also Dan's City Used Cars, Inc. v. Pelkey,* 569 U.S. 251, 260 (2013). Local Law 154 does not "concern" "energy use" because it does not directly or indirectly regulate appliance efficiency. The Complaint fails to state a claim and must be dismissed.

Where a state or local law references (direct regulation) or has an impermissible connection with (indirect regulation) preempted subject matter, it "concerns" the preempted subject matter. *See Cal. Div. of Labor Stds.*, 519 U.S. at 325. EPCA's preempted subject matter is appliance efficiency standards. *See* ECF No. 20 at 11-14; *Supra* I.A. It cannot be disputed that Local Law 154 does not reference appliance efficiency standards. Though Plaintiffs allege that Local Law 154 would have a significant impact upon, and is "inextricably intertwined with," a covered product's "energy use," ECF No. 41 at 23, that is true only if the Court adopts Plaintiffs' truncated, unworkable definition of "energy use." *Supra* I.A. Under their definition, any regulation that limits the *actual use* of a covered product is preempted*. Supra* I.A. However, applying the definition Congress wrote, a regulation "concerns" the "energy use" of a covered product when it requires a reduction of its energy consumption "during a representative average use cycle or period of use." *See* 42 U.S.C. §§ 6291(4), 6291(6), 6293(b)(3); *Supra* I.A. Local Law 154 does not do this, and therefore does not "concern" "energy use."

And though Plaintiffs' declare that Local Law 154 has an impermissible connection with the "energy use" of covered products, ECF No. 41 at 22-24, Plaintiffs are wrong. An

impermissible connection is one in which the state or local law "governs a central matter" of a federal statute, "interferes with a nationally uniform" approach to regulation, or if "acute, albeit indirect, economic effects" of the state law force the federal regime to adopt certain substantive elements. *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 320 (2016) (internal citations omitted). Local Law 154 does none of this. Appliances must and will continue to comply with the national regulatory regime before they may enter the market. ECF No. 20 at 8. For the same reason, Local Law 154 could not result in economic effects that force the imposition of more stringent energy conservation standards.[9] Far from being "inextricably intertwined" with appliance efficiency standards, ECF No. 41 at 23, Local Law 154 is undeniably unrelated to appliance efficiency.[10]

Finally, though Local Law 154 plainly does not indirectly impose an appliance efficiency standard, Plaintiffs allege that it does so by "moving one step down the energy chain." ECF No. 41 at 20. Again, not so. Plaintiffs rely on inapposite cases in an attempt to support their specious argument.[11] For example, in *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, the Court held that restrictions on the purchase of vehicles that do not meet stringent emissions requirements were preempted as "emission standards" under the Clean Air Act. 541 U.S. 246, 253 (2004). The Court found that imposing standards on purchasers would indirectly "coerce

---

[9] Plaintiffs allege Local Law 154 requires manufacturers to redesign appliances to consume a different energy source. ECF No. 41 at 9. This is speculative. Even if true, it would not require redesign for more *efficient* appliances, the preempted subject matter. If Congress sought to preempt regulation of appliance energy source, "it could have said so." *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019); *see also Simmons v. Himmelreich*, 578 U.S. 621, 627 (2016) ("[W]e presume Congress says what it means and means what it says.").

[10] Plaintiffs insist Congress sought to avoid a "patchwork" that would allow use of appliances in some locations, but not others. ECF No. 41 at 9-10. But that already exists as natural gas is not available in some jurisdictions. And Plaintiffs' limiting principle on preemption—that subnational jurisdictions could refuse to extend natural gas distribution—results in the very same patchwork Plaintiffs say Congress sought to preempt, and would be preempted by the theory of preemption Plaintiffs put forth in this proceeding.

[11] Plaintiffs cite to *Cal. Rest Ass'n* for collected cases, ECF No. 41 at 20, 21, but each of those cases directly implicated the central matter of federal concern. *See, e.g., Nat'l Meat Ass'n v. Harris,* 565 U.S. 452 (2012) (finding a law restricting slaughterhouses purchasing and sales implicated the "premises, facilities and operations of any establishment at which inspection is provided[,]" including slaughterhouses); *Am Trucking Ass'ns v. City of Los Angeles*, 569 U.S. 641 (2013) (finding restrictions on drayage truck access to ports for the transport of cargo implicated "the price, route, or service of a[] motor carrier . . . with respect to the transportation of property.").

manufacturers into meeting" the standards. *Id.* at 256; *see also 23-34 94th St. Grocery Corp. v. N.Y.C. Bd. of Health,* 685 F.3d 174, 183 (2d Cir. 2012) (declining to treat "manufactures" and "retailers" differently for purposes of determining preemption related to restrictions on tobacco promotion). Regardless of the step in the "energy chain," Local Law 154 imposes no appliance efficiency standard on anyone. Unpersuasively, Plaintiffs also cite to *Metro Taxicab Bd. of Trade v. City of New York,* in which new City rules "expressly rel[ied] on a distinction between hybrid and non-hybrid vehicles" and the Court found this distinction related to "fuel economy standards," the preempted subject matter, because "a hybrid engine has no relation to an end other than an improvement in fuel economy." 615 F.3d 152, 157 (2d Cir. 2010). Local Law 154 does not use a "proxy" for appliance efficiency standards. It is entirely unconcerned with appliance efficiency, and that is why it is not preempted by EPCA. Since Local Law 154 does not reference nor have an impermissible connection with preempted subject matter, it is not within the reach of "concerning" in EPCA's preemption provision.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court dismiss the Complaint with prejudice and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
              April 19, 2024

                                     **SYLVIA O. HINDS-RADIX**
                                     Corporation Counsel of the City of New York

By: _____
        Christian C. Harned (NY Bar No. 5684543)
        Assistant Corporation Counsel
        chharned@law.nyc.gov
        Alice R. Baker (NY Bar No. 5023916)
        Assistant Corporation Counsel
        albaker@law.nyc.gov
        100 Church Street
        New York, New York 10007
        (212) 356-1676

        *Attorneys for the City of New York*