UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PLUMBERS OF THE CITY OF NEW YORK, INC.; PLUMBING-HEATING COOLING CONTRACTORS–NATIONAL ASSOCIATION; PLUMBERS LOCAL UNION NO. 1, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA; NEW YORK STATE ENERGY COALITION, INC.; THE PLUMBING FOUNDTATION CITY OF NEW YORK, INC.; LICENSED PLUMBING ASSOCIATION NEW YORK CITY, INC., d/b/a/ MASTER PLUMBERS COUNCIL OF THE CITY OF NEW YORK; and BUILDING INDUSTRY ASSOCIATION OF NEW YORK CITY, INC.,

          Plaintiffs,

v.

CITY OF NEW YORK,

          Defendant.

23-CV-11292 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiffs, a group of trade associations and a union whose members work in the construction, delivery, and servicing of fuel gas systems and appliances, bring this action against the City of New York, alleging that Local Law 154 of 2021, also known as the New York City Building Electrification Law, is preempted by the Energy Policy Conservation Act of 1975 (the "EPCA"), *see* 42 U.S.C. §§ 6201–6422.  Before the Court is a motion to intervene by proposed Intervenor-Defendants WE ACT for Environmental Justice ("WE ACT") and New York Geothermal Energy Organization ("NY-GEO") (together, "Proposed Intervenors").  For the reasons that follow, the motion is denied, although the Court invites Proposed Intervenors to act as amici curiae if they seek to do so.

## BACKGROUND

I. **Factual Background**

On December 22, 2021, the Mayor of the City of New York signed into law Local Law 154 of 2021 ("Local Law 154" or the "Law"), which provides, subject to certain exceptions, that newly constructed buildings are prohibited from engaging in "the combustion of any substance that emits 25 kilograms or more of carbon dioxide per million British thermal units of energy, as determined by the United States energy information administration, within such building." N.Y.C. Admin. Code §§ 24-177.1, 28-506.1; Compl. ¶ 32. The Law effectively prohibits the use of fossil fuels such as natural gas and heating fuel in most newly constructed buildings in New York City. Compl. ¶ 33; 38. It took effect on January 1, 2024 for new buildings of less than seven stories, and will take effect on July 2, 2027 for new buildings of seven or more stories. N.Y.C. Admin. Code § 28-506.1. Any building for which a construction application is submitted before the applicable effective date is not subject to the Law. *Id.*

The complaint asserts that Local Law 154 is preempted by the EPCA, which regulates the energy efficiency and energy use of various consumer and industrial products ("covered products"). The EPCA contains an express preemption provision, which states that, once a federal energy conservation standard for a covered product becomes effective, "no State regulation concerning the energy efficiency, energy use, or water use of such covered product shall be effective with respect to such product unless the [State] regulation" falls within certain exceptions. 42 U.S.C. § 6297. Plaintiffs contend that the EPCA preempts Local Law 154 because the latter is a regulation "concerning energy use or energy efficiency." Compl. ¶ 65.

II. **Procedural History**

Plaintiffs commenced this action on December 29, 2023. ECF No. 1. On March 1, 2024,

2

Defendant City of New York filed a motion to dismiss. ECF No. 19. On the same date, Proposed Intervenors moved to intervene as defendants pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), and attached a proposed memorandum of law in support of dismissal. ECF Nos. 23–26. Plaintiffs opposed the motion to intervene on March 15, 2024, ECF No. 38, and Proposed Intervenors replied on March 22, 2024, ECF No. 40.

### III.    Proposed Intervenors

Proposed intervenor WE ACT is a New York City-based membership organization whose "mission is to build healthy communities," and which has spent 35 years working to address issues related to environmental justice. Jessel Decl. ¶ 3. WE ACT was deeply involved in developing and advocating for the passage of Local Law 154. *Id.* ¶¶ 7–12. These efforts included publishing a report on the feasibility and benefits of transitioning from fossil fuels to renewable energy in affordable housing, developing the draft legislation that eventually became Local Law 154, organizing community rallies in support of the law, lobbying members of the New York City Council to support the law, testifying before the City Council in support of the law, and participating in the signing ceremony. *Id.*

Proposed intervenor NY-GEO "is a not-for-profit trade association which represents the geothermal heat pump industry in New York State." Nowak Decl. ¶ 3. Its members include "geothermal system designers, installers, drillers, general contractors, engineers, manufacturers, distributors, renewable energy consultants and industry stakeholders, [who] install and advocate for the use of ground-source heat pumps . . . throughout New York State." *Id.* NY-GEO supported the enactment of Local Law 154, including through testimony before the New York City Council. *Id.* ¶ 7. Section 4 of Local Law 154 calls for "experts in the operation of heat pumps" to conduct a "study regarding the use of heat pump technology in relation to the anticipated use of such

technology in connection with the implementation of this local law." Loc. L. No. 154 § 4.a.

## LEGAL STANDARD

Pursuant to Rule 24, a court to may grant permissive intervention "on timely motion" where a non-party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have "broad discretion" in deciding motions for permissive intervention. *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990); *see also U. S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) ("Permissive intervention is wholly discretionary with the trial court."). In exercising its discretion, "the principal guide in deciding whether to grant permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*, No. 19-CV-11285, 2020 WL 5667181, at *3 (S.D.N.Y. Sept. 23, 2020);[1] *see also* Fed. R. Civ. P. 24(b)(3). "Additional relevant factors include the nature and extent of the intervenors' interests, the extent to which those interests are adequately represented by other parties, and whether [the] parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *335-7 LLC v. City of New York*, No. 20-CV-1053, 2020 WL 3100085, at *3 (S.D.N.Y. June 11, 2020).

## DISCUSSION

Proposed Intervenors contend that their motion should be granted because: (1) their intervention will neither delay the action nor prejudice the original parties; (2) they have a strong interest in defending Local Law 154, which directly benefits their members; and (3) their intervention will promote development of the factual record and fair adjudication of the underlying

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

legal issues. Plaintiffs respond that (1) intervention will not assist the Court; (2) the City already adequately represents Proposed Intervenors' interests; (3) Proposed Intervenors lack a cognizable interest in this action; and (4) intervention will cause undue delay and prejudice.

The Court agrees with Plaintiffs and thus exercises its discretion to deny the motion to intervene. There is no dispute that the Proposed Intervenors' interest in upholding Local Law 154 is adequately represented by the City. And although "courts in this District routinely grant permissive intervention despite finding that an existing party adequately represents the proposed intervenor's interest," *Hum. Servs. Council of New York v. City of New York*, No. 21-CV-11149, 2022 WL 4585815, at *4 (S.D.N.Y. Sept. 29, 2022) (collecting cases), they generally do so only where "the addition of the intervenors will assist in the just and equitable adjudication of any of the issues between the parties," *New York v. United States Dep't of Health & Hum. Servs.*, No. 19-CV-4676, 2019 WL 3531960, at *6 (S.D.N.Y. Aug. 2, 2019). Here, the Proposed Intervenors submit that intervention is appropriate because WE ACT has "deep grassroots expertise with respect to both the need for Local Law 154 and the effects of its implementation on the tenants that [it] serves," and NY-GEO has "deep knowledge of heat pump technology and the heat pump industry [that] can shed light on" the law's practical and economic effects." Mot. at 17–18. Although the Court does not question that expertise, this case involves the legal question of whether the ECPA preempts Local Law 154, not a consideration of the Law's practical effects. Indeed, the parties agree that the Court solely has before it a facial challenge, and the Proposed Intervenors are not seeking discovery. The Court is therefore not persuaded that there are "underlying factual issues in the suit" that the Proposed Intervenors would assist in developing, nor that their expertise will significantly contribute to "the just and equitable adjudication of the legal questions presented," such that they should be permitted to participate as defendants. *335-7,*

2020 WL 3100085, at *3. Nonetheless, in light of the Proposed Intervenors' specialized knowledge, the Court invites them to serve as amici curiae—with Plaintiff's consent, *see* Opp'n at 6—if they wish to do so.

## CONCLUSION

For the foregoing reasons, the motion to intervene is denied, but the Court invites Proposed Intervenors' participation as amici curiae. If Proposed Intervenors seek to participate as amici, they shall file a letter motion no later than one week from the date of this order attaching their proposed submission.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 23.

SO ORDERED.

Dated:    February 21, 2025
          New York, New York

_____
Ronnie Abrams
United States District Judge